ALEXANDER AND HOLLENBECK, APPELLANT v. FLAGE, RESPONDENT.

No. 9062.

Submitted January 15, 1952. Decided May 20, 1952.

244 Pac. (2d) 514.

Mr. F. F. Haynes, Forsyth, Mr. W. B. Leavitt, Miles City, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Charles V. Huppe, Mrs. Vera Jean Heckathorn, Asst. Attys. Gen., Mr. J. J. McIntosh, Co. Atty., Forsyth, for respondent.

Mr. Leavitt, Mrs. Heckathorn and Mr. McIntosh argued orally.

MR. JUSTICE METCALF:

In this action the plaintiff seeks to nullify the 1949 assessment of real property in Rosebud county, Montana. The pertinent

allegation of the complaint raising the question is: "The plaintiff alleges that the taxes for the year 1949 amounting to the sum of $3,217.84 were unlawful and invalid and illegally levied for the reason that said taxes were not a levy of the duly elected, acting and constituted assessor of Rosebud County, Montana, but were in their legal effect a levy by a separate entity employed by the county commissioners of Rosebud County, Montana, without any request or requisition having been made to said board by the duly elected, acting and constituted assessor of Rosebud County, Montana."

The plaintiff's prayer asked for a refund of taxes in the amount of $1,587.23, which is the difference between the amount paid in 1948 and the amount allegedly illegally assessed in 1949. The plaintiff contends that the 1948 assessment was a fair valuation and continued to be a fair valuation in 1949.

On October 4, 1948, the board of county commissioners of Rosebud county entered into an agreement with a firm of Missoula, Montana, doing business under the name of Professional Account Service, whereby the Professional Account Service was employed to make a general revaluation of the taxable personal property, real estate and improvements of Rosebud county. The Professional Account Service made the revaluation and submitted it to the board of county commissioners and the assessor.

It is the plaintiff's contention that the report and revaluation was submitted to the board of county commissioners; that board in turn ordered the Rosebud county assessor to accept the report as his new appraisement and basis for assessment; and that the county assessor did so accept the report and failed to exercise any independent power but acted solely under the instructions given him by the board of county commissioners.

The power of the board of county commissioners to enter into a contract with an independent agency for valuation of the property of the county has been sustained in State ex rel. Blair v. Kuhr, 86 Mont. 377, 283 Pac. 758.

The trial court found that the county assessor discussed with the board of county commissioners the advisability of a general

revaluation of the taxable property of the county and recommended that it be done by qualified experts and not by local persons; that in accordance with this recommendation of the county assessor the board of county commissioners entered into the agreement above noted with the Professional Account Service; that the Professional Account Service completed the work for the revaluation and reappraisal of the property and their report was submitted to the county commissioners of Rosebud county and by them turned over to the county assessor; that the county assessor used this report as the basis for assessment of property in the year 1949 and completed his assessment before the second Monday in July of that year; that the board of county commissioners did not instruct the county assessor in any manner as to whether or not he should change any of the valuations submitted by the Professional Account Service and that these valuations and appraisals were accepted by the county assessor and he in turn advised that all requests for changes should be submitted to the board of county commissioners sitting as a county board of equalization.

There is ample evidence in the record to sustain these findings. Indeed, the only contrary evidence is a letter written by the county assessor to a taxpayer who inquired about the increase in valuation and a subsequent conversation with the taxpayer. In the course of the trial the county assessor was called as a witness for the plaintiff and it was then that he testified that he had recommended the county employ some qualified persons from outside the county to assist in making an appraisal and revaluation of the property of Rosebud county. He testified that he accepted the appraisal figures so made and reserved any changes to be presented to the board of county commissioners sitting as a county board of equalization.

Counsel for the plaintiff claimed surprise by this testimony and requested leave to cross-examine the witness. Permission to cross-examine was granted and the county assessor was asked about the letter he had written and the statements made therein. The person to whom the letter was written also testified as an

impeaching witness attempting to show that the county assessor told the witness that it was the board of county commissioners who had ordered the revaluation without his knowledge or consent. On his cross-examination the county assessor reaffirmed that he had suggested the employment of someone to assist in assessing and revaluing property in Rosebud county prior to the agreement with the Professional Account Service. This testimony was corroborated by all members of the board of county commissioners.

Other issues are raised in the specification of error filed by the appellant and in the briefs of the parties. These issues raised questions as to whether the action was a proper one under the Montana statutes for the recovery of taxes paid; whether the plaintiff had exhausted his administrative remedies, and others of like tenor. The district court disposed of the cause on the merits and squarely held that this was an assessment independently adopted by the legally elected assessor of Rosebud county and in adopting the report of the Professional Account Service he made it his own and did not act under orders from the board of county commissioners or anyone else. These findings of the trial judge are against essential allegations of the plaintiff's complaint that had to be proved before the plaintiff made a case. The evidence sustains these findings. It is therefore unnecessary to determine the other questions raised because the plaintiff failed to prove a case under the form of action and the pleadings chosen. The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN and ANGSTMAN, concur.